Lynn B. CURTIS and Ruth P. Curtis, Sandusky, Ohio, Plaintiffs,

v.

The UNITED STATES, Defendant.

Civ. No. 8476.

United States District Court
N. D. Ohio, W. D.

March 27, 1963.

M. J. Stauffer of Flynn, Py & Kruse, Sandusky, Ohio, for plaintiffs.

John T. Piper, Department of Justice, Washington, D. C., John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio, for defendant.

KLOEB, District Judge.

Plaintiffs, in their complaint, seek recovery of income taxes in the amount of $9,170.63, with interest, for the year 1957.

The deposition of Leland Spore was filed May 2, 1962, and a stipulation of facts was thereafter filed on August 21, 1962. Two remaining questions are presented to the Court by way of an initial brief filed by Plaintiffs on September 29, 1962, the answer brief of the Defendant filed November 5, 1962, and the reply brief of Plaintiffs filed December 10, 1962.

It appears that The American Crayon Company was an Ohio corporation, with its principal place of business in Sandusky, Ohio, and The Joseph Dixon Crucible Company is a New Jersey corporation, with its principal place of business in Jersey City, New Jersey. Both of these corporations were engaged in the business of serving the educational, school and stationery fields throughout the United States. American owned a manufacturing plant in Sandusky, Ohio, and also the Kroma Building in San-

dusky. American wished to merge with Dixon. Dixon did not wish to obtain a warehouse which was operated as separate active business by American. As part of a single plan of merger, American formed Kroma, Inc., transferred the warehouse building and land to Kroma in exchange for all of Kroma's stock and distributed Kroma's stock to its shareholders. American, having in this manner disposed of the warehouse property, merged with Dixon, and American shareholders exchanged their shares of stock in American for shares in Dixon, plus an interest in certain promissory notes in the total amount of $113,454.00.

The questions presented are as follows:

1. Did the receipt by the taxpayers of the stock of Kroma, Inc., in a so-called "spin-off" of Kroma by The American Crayon Company constitute a taxable dividend to the taxpayers as determined by the Commissioner, or did it represent a receipt of stock pursuant to a tax-free spin-off under Section 355 of the Internal Revenue Code of 1954 as contended by the taxpayers?

2. Whether the Commissioner properly computed the gain on the receipt of stock and certificates of contingent interest by treating each block of stock separately.

■■ Relying upon purported business reasons for the spin-off, Plaintiffs contend that distribution was not a device for the distribution of earnings and profits. Defendant contends otherwise.

It is the Government's position that, where several transactions were in fact merely steps in carrying out one definite preconceived purpose, the object sought and obtained must govern, and that the integrated steps used in effecting the desired result may not be treated separately for tax purposes, citing Koppers Coal Co. v. Commissioner, 6 T.C. 1209; Mellon v. Commissioner, 12 T.C. 90, affirmed on other grounds, 184 F.2d 157 (C.A. 3). The Government contends that the transactions herein involved were steps in

carrying out a definite preconceived purpose and that, therefore, the several steps cannot be treated separately; that the two concerns here had in mind the merger of American and Dixon, and that the transactions involving Kroma were merely steps to the final result and, therefore, the Kroma transaction cannot be viewed for tax purposes separately and independently from the merger. The Government contends that Section 355 of the Internal Revenue Code of 1954 requires that the distributing corporation, in this case American, must itself engage in the active conduct of a trade or business after the spin-off, and that this requirement was not satisfied in this particular case. With this position of the Defendant we agree.

■ As to the second question, it is the position of the Government that each block of stock in American purchased by Plaintiffs at different periods of time should be treated separately in order to determine the gain to be recognized on the merger growing out of the receipt of certificates of contingent interest by the Plaintiffs.

The history of the taxpayers' ownership of shares of stock in American is set out fully in the stipulation (p. 23) and Exhibit H attached thereto. The result of the Commissioner's computations are also shown on Exhibit H. The Commissioner concludes that there should be a gain to be recognized in the sum of $2,082.20. Plaintiffs, through their contention that it is proper to total the bases in the various blocks of stock acquired by them and subtract this total from the total value received, being the Dixon stock plus the certificates, arrives at a gain in the sum of $123.70.

We agree with the determination of the Commissioner that each block of stock should be treated separately in the computation of the tax.

The complaint is, therefore, dismissed, and judgment may be entered for the Defendant.

Findings of fact and conclusions of law, drawn in accordance with this.

Memorandum, may be prepared by the Defendant and lodged with the Court within twenty (20) days. Plaintiffs may, within fifteen (15) days thereafter, prepare and file their exceptions or suggested additions thereto.